**Kuldip SINGH, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71315.**

United States Court of Appeals, Ninth Circuit.

---

Submitted: Dec. 6, 2004.*

Decided: Dec. 13, 2004.

Earle A. Sylva, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David V. Bernal, Attorney, Elisabeth Layton Fax, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Kuldip Singh, a native and citizen of India, petitions for review of a decision of the Board of Immigration Appeals dismissing his appeal from an Immigration Judge's ("IJ") order denying his application for asylum and withholding of removal and denying relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence an adverse credibility finding and a denial of asylum, and will uphold the IJ's decision unless the evidence compels a contrary conclusion. *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir. 2003). We deny the petition for review.

Substantial evidence supports the IJ's adverse credibility finding because Singh's testimony was both internally inconsistent and inconsistent with his application, *see id.* at 992–93, and his demeanor was unconvincing, *see Singh–Kaur v. INS*, 183 F.3d at 1147, 1151 (9th Cir.1999). Because the factual discrepancies went to the heart of his asylum claim, substantial evidence supports the denial of asylum. *See id.*

It follows that Singh did not satisfy the more stringent standard for withholding of removal. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000).

As Singh relies on the same evidence that the IJ determined was incredible, and points to no additional evidence the IJ should have considered regarding the likelihood of torture if returned to India, Singh's CAT claim must also fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.